DANIEL E. WILLIAMS (ISB 3920)
JONES WILLIAMS FUHRMAN GOURLEY, PA
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701-1097
Telephone: (208) 331-1170
Fax: (208) 331-1529
dwilliams@idalaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF IDAHO

| | |
|---|---|
| VICKY M. STEWART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASCENT BEHAVIORAL HEALTH SERVICES, LLC, an Idaho limited liability company,<br><br>Defendants. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Vicky M. Stewart ("Ms. Stewart" or "Plaintiff"), by and through her counsel, for her claims against Ascent Behavioral Health Services, LLC, ("Employer" or "Defendant") alleges and states:

### I. JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331.

2. The acts alleged occurred in Ada County, Idaho and caused the claims. The employment practices alleged to be unlawful were committed in this jurisdiction and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 1

Dist. Idaho Loc. Civ. R. 3.1.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed a charge of disability and national origin discrimination with the Idaho Human Rights Commission ("IHRC"), on or about December 21, 2017 and the Equal Employment Opportunity Commission ("EEOC") and on or about December 29, 2017.

4. Plaintiff's charges alleged Defendant violated the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 ("ADAAA") *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and Idaho Code § 67-5901 *et seq.*

5. Plaintiff received a Notice of Right to Sue from the IHRC dated January 22, 2019 and a Dismissal and Notice of Rights from the EEOC dated February 14, 2019. This Complaint is filed within 90 days of Plaintiff's receipt of these Notices.

6. Plaintiff has exhausted all administrative remedies required by the ADAAA, Title VII and under the laws of the State of Idaho.

## III. THE PARTIES

7. Plaintiff Vicky M. Stewart is an individual residing in Ada County, Idaho.

8. Defendant Ascent Behavioral Health Services, LLC, is an Idaho limited liability company operating in Ada County, Idaho.

9. At all relevant times, Defendant employed over 15 people.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff incorporates paragraphs 1 through 9 above.

11. While employed by Defendant, Plaintiff was subjected to discrimination and subjected to a hostile work environment because of her race, national origin and culture.

12. Plaintiff was employed as a case manager by Defendant beginning in June 2015.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 2

13. Throughout her employment with Defendant, Plaintiff was subjected to a pattern of racially hostile comments by her superiors and co-workers, which included, but were not limited to:

    a. Comments about women having "beaner babies" or a "little bean burrito;"

    b. References to Hispanic people in Nampa as Plaintiff's people;

    c. Comments that Mexican men were raised to prey on young girls;

    d. Comments that it must be nice to be the only Mexican working for Defendant, so Plaintiff could get what she wanted and do what she wanted;

    e. Comments regarding Plaintiff that Mexicans are always mean when they don't get their way.

14. On or about November 18, 2016, Plaintiff was injured on the job, sustaining significant injuries to her arm, shoulder and knee.

15. Beginning on or about December 19, 2016, Plaintiff was restricted from working for Defendant due to her injuries for the rest of the month.

16. Plaintiff returned to work in January 2017, but was unable to continue working due to her injuries beginning on or about January 10, 2017. Over the next several months, she worked on and off on a part-time basis due to her injuries.

17. During the winter and spring on 2017, Plaintiff's direct supervisor, Rich Patterson, and Defendant's CEO, Vern Garrett, discriminated against Plaintiff because of her inability to work full time.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 3

18. On or about February 28, 2017, Plaintiff came to work and Defendant had given her office and desk to another co-worker. Rich Patterson explained that they did not know if Plaintiff was coming back or had "quit."

19. On or about March 10, 2017, Vern Garrett told Plaintiff she could not just make her own office wherever she wanted. Plaintiff explained she had nowhere to work. Vern Garrett then assigned a new desk with a phone that did not work and no computer to fulfill her job responsibilities.

20. On or about April 25, 2017, Vern Garrett asked Plaintiff how much longer before she would be able to be back 100%, because they needed to know what to do with her. Vern Garrett and Rich Patterson continued to badger Plaintiff about when she would return at 100%.

21. Finally, on or about June 27, 2017, Rich Patterson and Vern Garrett met with Plaintiff to discuss her workload. They told Plaintiff she needed to hurry up and get released from workers comp and that they were redoing her schedule and taking duties away, restricting her from activities so she could perform her job duties, until she could be back at work "100%."

22. On July 6, 2017, Defendant discharged Plaintiff purportedly for accusing a client of falsifying a drug test and using profanity. Neither allegation was true and constituted a mere pretext for terminating Plaintiff because of her disability.

## V. FIRST CLAIM FOR RELIEF
**Violation of the Americans with Disabilities Act;**
**Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 ("ADAAA")**

23. Plaintiff incorporates paragraphs 1 through 22 above.

24. Defendant's firing of Plaintiff, because Plaintiff was disabled, violated the Americans with Disabilities Act of 1994 and the Americans with Disabilities Act Amendment Act of 2008, 42 U.S.C. § 12101 *et seq.*

25. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because Defendant discriminated against Plaintiff because of her Disabilities.

26. Plaintiff has qualified Disabilities affecting her ability to work. Plaintiff was qualified and able to perform the duties of her job, with or without reasonable accommodation.

27. Alternatively, Plaintiff had a record of a Disability and regarded Plaintiff as disabled.

28. Defendant took adverse employment action, including disciplining her for absences related to her Disabilities, placing her on suspension and termination of employment. Defendant took these adverse actions because of Plaintiff's Disabilities.

29. Despite Defendant's knowledge of Plaintiff's Disabilities, no one at Employer engaged in the ADAAA-required interactive process to determine whether Employer could accommodate Plaintiff's actual Disabilities.

30. Defendant failed and refused to accommodate Plaintiff's actual Disabilities.

31. Defendant, directly and through its agents, treated Plaintiff in a disparate, discriminating and harassing manner because of her actual Disabilities, her record of Disabilities and/or her perceived Disabilities.

32. The unlawful employment practices complained of above were intentional.

33. The unlawful employment practices described above were committed with malice or reckless indifference for the federally-protected rights of Plaintiff.

34. Because of Defendant's violation of the laws as alleged, Plaintiff suffered the loss of wages and the indignity, humiliation and embarrassment of being discriminated against solely because she was disabled.

## VI. SECOND CLAIM FOR RELIEF
### Title VII, 42 U.S.C. § 2000e, et seq., as amended
### Discrimination and Hostile Work Environment

35. Plaintiff incorporates paragraphs 1 through 34 above.

36. Defendant is an "employer" as defined by 42 U.S.C. § 2000e-(b).

37. Defendant, through the acts of the above-mentioned individuals and Plaintiff's supervisors, created an abusive and hostile work environment on the basis of race. Such actions were severe enough to alter Plaintiff's job and created a hostile working environment.

38. As a direct, foreseeable, and proximate result of Defendant's actions, through the individuals identified herein, creating a hostile work environment, Plaintiff has suffered and continues to suffer grievous and extensive damages, entitling Plaintiff to recover the following damages in amounts to be proven:

    38.1    Lost past and future wages;

    38.2    Lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits;

    38.3    Past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

    38.4    Under 42 U.S.C. 2000e-5(k), reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action;

besides punitive damages.

## VII. THIRD CLAIM FOR RELIEF
### Unlawful Violation of 42 U.S.C. § 1981

39. Plaintiff incorporates paragraphs 1 through 38 above.

40. Plaintiff is a Mexican-American.

41. Defendant's employees knew Plaintiff was harassed due to her ancestry or ethnic characteristics and failed to take adequate remedial measures to end the harassment, which was sufficiently severe and/or pervasive to create a discriminatory hostile work environment.

42. Defendant failed to ensure a harassment-free workplace and failed to take appropriate remedial measures to prevent ongoing harassment.

43. Defendant subjected Plaintiff to adverse employment actions based on her race and/or national origin including firing her.

44. Defendant's intentional violations of §1981 materially affected Plaintiff's employment.

45. Plaintiff has been damaged as a result of Defendant's discriminatory conduct and its failure to promptly remedy the known harassment. She is entitled to recover all resulting damages including lost pay and benefits, future lost pay and benefits, and emotional distress.

46. Plaintiff is also entitled to all reasonable attorneys' fees and costs incurred in bringing this action.

47. Ms. Stewart is also entitled to punitive damages as Defendant's employees acted maliciously or with reckless disregard to her rights.

## PRAYER

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment in her favor and against Defendant, and award this relief:

a. Entry of a judgment for Plaintiff and against Defendant for the actual and/or compensatory damages sustained by Plaintiff for violations identified and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible in an amount to be determined by a jury;

b. Actual and compensatory damages to include lost past and future wages; lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits; past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

c. Under 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205 and I.R.C.P. Rule 54, reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; and,

d. A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff respectfully demands a trial by jury on all issues.

DATED this 22 day of April, 2019.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

Daniel E. Williams
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 8